Wayne G. Petty (No. 2596), of
MOYLE & DRAPER, P.C.
City Centre I, Suite 900
175 East Fourth South
Salt Lake City, Utah 84111
   Telephone: (801) 521-0250

Stuart T. Matheson (#2118)
MATHESON, MORTENSEN, OLSEN & JEPPSON
648 East 100 South
Salt Lake City, UT 84102
   Telephone: (801) 363-2244

   Attorneys for Defendants




FILED
U.S. DISTRICT COURT

2009 DEC -2 P 1: 11

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GREGG A. AND CONNIE P. HOWELL, | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT |
| Plaintiff, | |
| v. | |
| GREEN POINT MORTGAGE FUNDING, INC., GMAC MORTGAGE, LLC., FLAGSHIP FINANCIAL GROUP AND DOES 1-100 INCLUSIVE | Judge Bruce S. Jenkins |
| | Civil No. 2:09cv00964 |
| Defendant. | |

Defendant GMAC Mortgage, LLC ("GMAC") submits this Memorandum in Support of

Motion Dismiss Plaintiffs' Complaint.

The Motion is based upon Rules 8(a), 9(b) and 12(b) of the Federal Rules of Civil

Procedure, in that Plaintiffs' Complaint fails to plead a short and plain statement of the claim, to

plead the fraud claim with particularity and thus fails to state a claim upon which relief can be granted.

### THE COMPLAINT FAILS TO SATISFY THE REQUIREMENTS OF RULE 8(a), FRCP.

Rule 8(a), FRCP provides "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief;"

Plaintiff's Complaint is not short, is not plain, and is repetitious and confusing:

1. Section 1.5 alleges that unknown persons were "responsible for the acts and omissions alleged in this Complaint that Plaintiffs' injuries were roximately caused by acts or omissions of these Defendants."

2. The Complaint, for the most part, does not distinguish the acts of one Defendant from the other Defendants.

3. The Complaint alleges Flagship never gave Plaintiff "early disclosures." Complaint ¶ 3.9. Plaintiff never received "early disclosures." Complaint ¶ 3.13. No "preliminary disclosures" were given to Plaintiff. Complaint ¶ 3.17. Before the settlement date, Green Point did not provide to Plaintiff: the "preliminary disclosures." Complaint ¶ 3.22.

4. Facts regarding the Truth-in-Lending Act claims are interspersed with "facts" or allegations regarding the fraud claim.

Plaintiffs' Complaint does not comply with Rule 8(a)(2) and should be dismissed.

### STATEMENT OF MATERIAL FACTS

GMAC contends that Plaintiffs' Complaint fails to state a claim upon which relief can be granted, the Court must "assume the truth of all well-pleaded facts in the Complaint . . ." <u>Daias</u>

v. City and County of Denver, 567 F.3d, 1169, 1178 (10th Cir. 2009). Legal conclusions are not given such a presumption. Caprin v. Simon Transp. Servs., 112 F. Supp. 2d 1251, 254-55, CD. Utah 2000). The material facts for the purpose of the fraud claim, are the material allegations of the Complaint related to a fraud claim. The primary facts alleged are:

1. Defendant Green Point Mortgage Funding, Inc., was the originator of Plaintiffs mortgage loan. Complaint, ¶ 1.2.

2. Defendant Flagship Financial Group was the mortgage broker of Plaintiffs mortgage loan. Complaint, ¶ 1.3.

3. Defendant GMAC was the assignee of Plaintiffs mortgage loan. Complaint, §1.4.

4. Plaintiff alleges in Section 1.5 of the Complaint, "Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1-100, inclusive, and therefore sue those Defendants by fictious names. Plaintiff is informed and believes and on that basis, alleged that each of the fictitiously-named Defendants, Does 1-5, is responsible for the acts or omissions alleged in this Complaint that Plaintiff's injuries were approximately caused by acts or omissions of these Defendants. Plaintiffs will seek leave to amend the Complaint to allege their true names and capacities when ascertained."

5. "1.8. At all times herein mentioned each Defendant was the agent, servant and employee of each of the remaining Defendants and in doing the things hereafter alleged, were acting within the course and scope of such agency and employment and with the full knowledge, permission and consent, and/or subsequent ratification of each of the remaining Defendants."

6. "3.5. On or about January 1st, 2007 the Plaintiff contacted FLAGSHIP about refinancing the home, who was the broker of the loan complained of herein."

7. "3.6. Defendant FLAGSHIP represented to the Plaintiff that they could get them a mortgage which is good and the best loan available in the market as only requiring interest only payments."

8. "3.14. It is Plaintiff's specific allegation that as noted in the above-stated facts, all of the Defendants and each of them, intentionally misrepresented the facts with full knowledge that they were not true for the purpose of defrauding the Plaintiff who relied on their false statements and have been significantly damaged by said fraud through Defendant's classic "bait and switch" tactics and taking advantage of persons of an unsophisticated class."

9. "4.1. Plaintiff incorporates by reference herein all prior allegations of their Complaint and facts as stated above as if fully and completely set forth herein."

10. "4.2. In paragraphs 3.1 and 3.32, Plaintiff listed the facts with particularity wherein Defendants as agent of each other and Green Point willfully and with malice breached their fiduciary duty by misrepresenting the value of the mortgage product in question and by falsely representing the mortgage loan product."

11. "4.5. Defendant FLAGSHIP told Plaintiff that they could get into an interest only loan that was "a good solid loan which had nothing bad about them." Contrary to FLAGSHIP'S statement, the loan was structured as a high cost sub-prime adjustable rate mortgage at a rate which was up-sold above the market rate to Plaintiff. Plaintiff was lead to believe that he would be able to again refinance within 3 years for a fixed rate mortgage over 30 years."

12. "4.8. When these Defendants and each of them made the above statements, they did so knowing of the falsity of the representations and said representations were made with the intent to induce Plaintiff to refinance into a predatory loan."

13. "4.9. At the time Plaintiff entered into the mortgage loan, Plaintiff was ignorant of the falsity of representations concerning the quality of the loan in question, and believing them to be accurate and honest representations, relief on these representations in deciding to refinance and accepted the predatory loan. Had Plaintiff known the truth of the above-listed Defendants representations, Plaintiff would not have refinanced and contracted for the predatory loan."

14. "4.10. In so doing the acts specified above the Defendants acted in conscious disregard of Plaintiff's rights with malice and fraudulently resulting in damages of Plaintiff having to pay excessive fees, emotional distress from the fraudulent transaction, a higher interest rate then what Plaintiff qualified for, and other such damages as the court finds appropriate."

## ARGUMENT

### I. PLAINTIFFS' HAVE FAILED TO PLEAD FRAUD WITH PARTICULARITY.

Rule 9(b) Federal Rules of Civil Procedures requires that Plaintiffs plead with particularity the circumstances constituting fraud . . ." Inasmuch as this is a pendant claim, and not based upon federal law, the federal court adopts the law of the state where the alleged offense occurred, in this case Utah. The Supreme Court of Utah has stated in Franco v. Church of Jesus Christ of Latter Day Saints, 21 P.3d, 198 (UT 2001),:

> To establish fraud under Utah law, a party must prove by clear and convincing evidence each of the following elements: (1) That a representation is made; (2) concerning presently existing material facts; (3) *which was false*; (4) which the representor either (a) knew to be false, or (b) made recklessly knowing that he had insufficient knowledge about which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage. Mikkelson v. Quail Valley Realty, 641 P.2d, 124, 126 (Utah 1982) (Emphasis added.) (Quoting Ace v. Parrish, 122 UT 141, 144-45, 247 P.2d 273, 274-75 (1952).

#### A. PLAINTIFFS FAILED TO ALLEGE THE FACTUAL BASIS OF THE ALLEGED AGENCY WITH PARTICULARITY.

In Paragraph 1.8 of their Complaint, Plaintiffs allege that "At all times herein mentioned each defendant was the agent, servant, and employee of each of the remaining defendants and in doing the things hereinafter alleged or acting within the course and scope of such agency and employment and with the full knowledge, permission and consent, and/or subsequent ratification of each of the remaining defendants." Since this agency is a critical part of the claim of fraud against each of the Defendants, including GMAC, Plaintiffs are required to allege the circumstances constituting the agency with particularity. This Plaintiffs have totally failed to do. See Coroles v. Sadey, 79 P.3d 974 (UT App. 2003),: "Without any indication of who made this statement to them, however, we can hardly conclude that Plaintiffs have pleaded this allegation with particularity. Certainly one requirement for pleading fraud with particularity is to identify the offender. See, *Arena Land & Inv. Co. V. Petty*, 906 F. Supp. 1470, 1476 , (D. UT 1994)."

In Paragraph 1.5 of Plaintiff's Complaint, Plaintiffs refer to: "fictitiously - named defendants, Does 1-5, [who are] responsible for the acts and omissions alleged in this Complaint that plaintiffs' injuries were proximately caused by acts or omissions of these defendants."

Plaintiffs have failed to provide the particularity required to satisfy the requirements of Utah law or Rule 9(b), FRCP. Plaintiffs' complaint should be dismissed.

**B.   PLAINTIFF'S FAILED TO PLEAD WITH PARTICULARITY THE REQUIRED ELEMENTS OF A FRAUD CLAIM.**

Plaintiffs' Complaint contains two paragraphs which refer to the representations made to Plaintiffs:

> 3.6. Defendant FLAGSHIP represented to the Plaintiff that they could get them a mortgage which is good and the best loan available in the market as only requiring interest only payments. . .

> 4.5 Defendant FLAGSHIP told Plaintiff that they could get into an interest only loan that was "a good solid loan which had nothing bad about them". Contrary to FLAGSHIP'S statement, the loan was structured as a high cost, sub-prime adjustable rate mortgage at a rate which was up-sold above the market rate to Plaintiff. Plaintiff was lead [sic] to believe that he would be able to again refinance within three years for a fixed rate mortgage over thirty years.

Plaintiffs' Complaint fails to clearly allege that the representations were false, that the loan was not an interest only loan. Further, Plaintiffs failed to allege that the allegation of what Flagship could get Plaintiff was a presently existing material fact. What Flagship could get appears to be a representation of what it anticipated it could obtain (thus, not a presently existing material fact) or what Flagship expected to get in the future (thus, not a presently existing material fact).

Plaintiffs' Complaint is largely a recitation of the elements of fraud, which is not adequate. In Corolles, supra, with reference to Utah R. Civ. P. 9(b) the Utah Court of Appeals said:

> Regarding this procedural rule, the Utah Supreme Court has held that "the mere recitation by Plaintiff of the elements of fraud in a complaint does not satisfy the particularity requirement. Armed Forces Ins. Exch. v. Harrison, 2003 UT 14, ¶ 16, 70 P.3d 35. Rather, Rule 9 (b) requires a complaint to recite: "[t]he relevant surrounding facts." "with sufficient particularity to show what facts are claimed to constitute [the fraud] charges." Id. quoting Williams v. State Farm Ins. Co., 656 P.2d 966, 971 (Utah 1982). (Quoting Heathman v. Hatch, 13 Utah 2d, 266, 372 P.2d 990, 991 (1962).

Plaintiffs further failed to allege requirement 6, that Plaintiffs acted reasonably and in ignorance of the falsity of the alleged false representations.

Plaintiffs' complaint fails to meet the particularity requirement of Rule 9(b), FRCP.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint fails to satisfy the requirements of Rules

8(a), 9(b) and 12(b)(6), FRCP.  Consequently, Plaintiffs' complaint should be dismissed.

DATED this 1st day of December, 2009.

                                  MOYLE & DRAPER, P.C.

                          By: _____
                                  Wayne G. Petty
                                  Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was mailed this  1  day of December 2009, was served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Brandon L. Baker
BRANDON L. BAKER
4424 South Century Drive
Murray, UT 84123

Richard F. Ensor
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, UT 84101

_____
Colleen Bailey